**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JONATHAN LYNCH, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 2:09-cv-170-WTL-JMS |
| ) | |
| PUTNAMVILLE CORRECTIONAL ) | |
| FACILITY EMPLOYEES, OFC. JENKINS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**Entry and Order Directing Dismissal of Action**

Jonathan Lynch, an inmate at Putnamville Correctional Facility ("PCF"), filed his second amended complaint (dkt 33). He asserts claims pursuant to 42 U.S.C. § 1983. Lynch alleges that in December 2008, while incarcerated at the PCF, he was verbally and physically abused by Richard Langdon, an ARAMARK employee, and that the defendants failed to respond appropriately. He has named as defendants PCF employees Officer Jenkins, Officer Mapes, Officer Barnahart, Officer LeLoop, Officer Huffman, Mr. Quinton Storm, Ms. Hall, Mr. Chaney, and Major Phegley. Lynch seeks injunctive relief and money damages for his physical injuries, pain and suffering, mental anguish, and emotional distress.

**I.**

"A provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or part, if . . . it 'fails to state a claim upon which relief can be granted.'" *Sanders v. Sheahan*, 198 F.3d 626 (7th Cir. 1999) (quoting 28 U.S.C. § 1915A(b)(1)). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). Lynch's amended complaint is subject to this review. *Zimmerman v. Hoard,* 5 F. Supp. 2d 633, 635 (N.D.Ind.1998)("Section 1915A also requires the court to screen proposed amended complaints submitted by prisoners.").

"A complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974

(2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); see also *Jones v. Bock,* 127 S. Ct. 910, 921 (2007)("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief."). Conversely, "a plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th. Cir. 2008).

## II.

### A.

As noted, Lynch's claims are brought pursuant to 42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Kramer v. Village of North Fond du Lac,* 384 F.3d 856, 861 (7th Cir. 2004). Thus, no action lies under § 1983 unless a plaintiff has asserted the violation of a federal right. *See Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992).

"Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, "the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994).[1]

### B.

*Eighth Amendment Claim.* The constitutional provision pertinent to Lynch's claims is the Eighth Amendment's proscription against the imposition of cruel and unusual punishment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). Lynch claims that defendants Jenkins, Mapes, Barnhart, Huffman, Leloop, Storm, Hall, and Chaney had a duty to protect Lynch from sexual battery and harassment.

To establish an Eight Amendment failure to protect claim, a plaintiff must show 1) that he suffered an objectively "sufficiently serious" injury; and 2) that he was "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Additionally, a prison official may be liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. "A prisoner normally proves actual knowledge of impending harm by showing that he complained to officials about a specific

---

[1]Lynch also cites to various provisions of the United States Code, but none of these create a cause of action.

threat to his safety." *Morris v. Ley*, 331 Fed.Appx. 417, 419 (7th Cir. 2009) (quoting *McGill v. Duckworth*, 944 F.2d 344, 349 (7th Cir. 1991)).

Lynch's Eighth Amendment claim fails because there is no allegation that Lynch was harmed or assaulted by Langdon after Lynch first notified the defendants of Langdon's inappropriate conduct. Specifically, Lynch alleges that after he notified the defendants of Langdon's misconduct he had "contact"[2] with Langdon on one occasion prior to his placement in administrative segregation and that after being placed in administrative segregation Langdon walked by Lynch and gave him "the dirtiest angry look." "[I]t is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment." *Doe v. Welborn*, 110 F.3d 520, 524 (7th Cir. 1997). An allegation that prison officials exposed a prisoner to a "risk of violence," *id.* at 273, does not implicate the Eighth Amendment's Cruel and Unusual Punishments Clause. Lynch cannot allege a failure to protect claim based on circumstances which have not resulted in injury. Further, there is no allegation that any of the defendants had knowledge that Lynch was being harassed or assaulted by Langdon or that Langdon posed a serious threat prior to Lynch notifying the defendants.

Lynch supports his Eighth Amendment claim by alleging that certain defendants were negligent and subjected him to emotional distress. Specifically, Major Phegley was allegedly negligent in failing to assign officers to the prison dining work area and Officer Jenkins negligent in his routine of monitoring for prohibited activities in the dining area and failure to separate Langdon and Lynch. These specifications do not advance or establish the viability of Lynch's claim, however, because the Eighth Amendment requires more than negligence. It requires deliberate indifference. *See Farmer v. Brennan,* 511 U.S. 825, 835 (1994)("[D]eliberate indifference describes a state of mind more blameworthy than negligence."); *Fisher v. Lovejoy*, 414 F.3d 659, 662 (7th Cir. 2005).

*Fourteenth Amendment.* Asserting a due process right in his safety within the prison, Lynch includes such a claim. This effort is misplaced, and any claim based on the Fourteenth Amendment is dismissed. Lynch's claims are sufficiently based on the protections afforded by the Eighth Amendment to the Constitution. There is no occasion to invoke the important but limited protections of due process and equal protection. *Albright v. Oliver*, 510 U.S. 266, 273 (1994)("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing such a claim.")(plurality opinion of Rehnquist, C.J.) (internal quotations omitted).

*Violation of State Law.* Lynch's additional claim, based on rights and a cause of action recognized under Indiana state law, is dismissed as legally insufficient because "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations and police practices." *Scott v. Edinburg*, 346 F.3d 752, 760

---

[2] There is no allegation that this "contact" was inappropriate. Lynch does not allege that Langdon verbally or physically assaulted him at that time.

(7th Cir. 2003). Further, Lynch has no right to secure the prosecution of a wrongdoer, because for many years it has been understood that private citizens lack standing to compel enforcement of the criminal law. *Linda R.S. v. Richard D.,* 410 U.S. 614 (1973); *Leeke v. Timmerman,* 454 U.S. 83 (1981); *Allen v. Wright,* 468 U.S. 737 (1984).

### III.

For the reasons explained above, Lynch's amended complaint fails to survive the screening required by § 1915A because it fails to contain a legally viable claim. *See Brandt v. Bd. of Educ. of City of Chi.,* 480 F.3d 460, 465 (7th Cir. 2007) ("[D]e minimis non curat lex (the law doesn't concern itself with trifles) is a doctrine applicable to constitutional as to other cases").[3] Dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/30/2009

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

---

[3] This principle frequently has been followed by the Supreme Court. *E.g., Wis. Dep't of Revenue v. William Wrigley, Jr., Co.,* 505 U.S. 214, 231 (1992) (stating that "the venerable maxim *de minimis non curat lex* ('the law cares not for trifles') is part of the established background of legal principles against which all enactments are adopted, and which all enactments (absent contrary indication) are deemed to accept," collecting cases); *Republic of Arg. v. Weltover, Inc.,* 504 U.S. 607, 618 (1992).